UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MADELINE GAUTHIER, a single woman, and GAUTHIER & ASSOCIATES INC., P.S., a Washington professional services corporation,<br><br>Plaintiffs,<br><br>v.<br><br>TWIN CITY FIRE INSURANCE COMPANY, a foreign corporation, and THE HARTFORD FINANCIAL SERVICES GROUP, INC., a foreign corporation,<br><br>Defendants. | Case No. C14-693RSM<br><br>ORDER DENYING DEFENDANT TWIN CITY FIRE INSURANCE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING COVERAGE |

## I.     INTRODUCTION

This matter comes before the Court on Defendant Twin City Fire Insurance Company ("Twin City")'s Motion for Partial Summary Judgment Regarding Coverage. Dkt. #14. Defendant Twin City moves the Court for an order stating that it has no contractual duty to indemnify or defend Plaintiff Madeline Gauthier for civil contempt sanctions, and argues for summary judgment dismissal of Plaintiffs' claims for breach of contract. *Id.* Defendant denies liability for Plaintiffs' other claims, including bad faith, negligence, and alleged violations of the Washington Consumer Protection Act, but does not move to dismiss these claims in the

ORDER DENYING DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 1

instant motion. Dkt. #14 at 1-2. Plaintiffs argue in opposition that this motion is premature, that contract estoppel should apply, and that uncertainty under Washington law created a duty to defend. Dkt. #21. Having reviewed the parties' briefing and oral arguments, the Court agrees with Plaintiffs in part and DENIES Defendant's motion.

## II.   BACKGROUND

Plaintiff Madeline Gauthier and the firm Gauthier & Associates Inc., P.S., filed this insurance case on April 1, 2014, in King County Superior Court, and Defendant Twin City removed it to this Court on May 8, 2014. Dkt. #1. Ms. Gauthier is an attorney who practices in estate planning, probate, will, and tax related issues through her firm. *See* Dkt. #49 at 2. Although this dispute concerns coverage under an attorney malpractice policy, the incident requiring coverage relates to an underlying action briefly detailed below.

### A. Events Precipitating the Insurance Claim

Ms. Gauthier and the Firm represented a woman named Patricia Caiarelli in a Trust and Estate Dispute Resolution Act (TEDRA) matter originally filed in state court in 2006. *In re Estate of Taylor*, 2010 Wash. App. LEXIS 2794 (Wash. Ct. App. Dec. 20, 2010). Plaintiffs eventually obtained a $1.9 million judgment for their client. Dkt. #49 at 3. One of the defendants against whom the judgment was obtained filed for Chapter 11 bankruptcy in Illinois. *Id.* at 3. This bankruptcy filing initiated a discharge injunction under 11 USC § 524(a)(2).[1] *Id.* at 3; Dkt. #16-1 at 30. Plaintiffs "challenged the assignment of the Washington judgment in the Illinois Bankruptcy court," and on March 19, 2013, the bankruptcy judge dismissed Ms. Caiarelli's claims against the debtor in bankruptcy. Dkt. #49 at 3. Plaintiffs allege that, based on comments made by the bankruptcy judge at the hearing, they "came away

---

[1] 11 USC § 524(a)(2) states "a discharge in a case under this title operates as an injunction against the commencement or continuation of an action… to collect, recover or offset any such debt as a personal liability of the debtor…"

ORDER DENYING DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 2

with the understanding that it would be acceptable for them to go back to the King County Superior for court ratification of the questioned assignment. *Id.* Plaintiffs returned to state court to seek ratification of the assignment, which the court granted. *Id.* at 3-4. On April 4, 2013, the underlying defendant debtor brought a motion in the Illinois bankruptcy court to enforce the discharge injunction and to hold Ms. Caiarelli and her attorneys in civil contempt for this action. Dkt. #16-1 at 29. The motion sought relief in the form of compensatory and punitive damages. Dkt. #49 at 4. On July 23, 2013, the bankruptcy court granted this motion, found Plaintiffs in contempt, and awarded "sanctions in the form of compensatory damages." Dkt. #16-1 at 49-50. The bankruptcy court found that Plaintiffs' violation of the discharge injunction was willful because they knew of the post-discharge injunction and intended the acts that violated the injunction. *Id.* at 48-49. The court declined to award punitive damages, finding that the debtor had failed to establish "malevolent intent." *Id.* at 49. Compensatory damages were determined to be the debtor's reasonable attorney fees and costs, in the amount of $165,662.36, and judgment was entered awarding that amount. Dkt. #16-1 at 121-122.

**B. The Insurance Claim**

Ms. Gauthier tendered the above motion to Twin City for defense and indemnity under a malpractice insurance policy. Dkt. #49 at 4. This policy, numbered LT1616807, is issued on "The Hartford" letterhead but clearly states "Name of Insurer: Twin City Fire Insurance Company". Dkt. #16-1 at 125. The policy states that it covers "such damages and claim expenses in excess of the applicable deductible…. The damages must arise out of a negligent act, error, omission or personal injury in the rendering of or failure to render professional legal services for others by you." Dkt. #49 at 4-5; Dkt. #16-1 at 127. The term "damages" is defined in the policy as not including "[a]ny fines, sanctions or penalties, or punitive or exemplary

ORDER DENYING DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 3

damages," among other limitations. Dkt. #16-1 at 128. "Professional legal services" is defined as "services performed or advice given by you… for others in the conduct of your practice…" *Id.* at 129.

In response to Ms. Gauthier's claim, she received correspondence under "The Hartford" letterhead indicating that the insurer Twin City would be issuing a reservation of rights and had no duty to indemnify her for the above sanctions. *See* Dkt. #16-1 at 155-57. However, on October 31, 2013, Twin City changed course and accepted tender of defense and agreed to reimburse the reasonable and necessary past defense fees and costs incurred by Plaintiffs, subject to terms and conditions in the policy. *Id.* at 158-59.

**C. The Appeal**

Plaintiffs appealed the bankruptcy court's order and judgment awarding contempt sanctions to a district court in Illinois. Dkt. #49 at 8. The Illinois district court eventually overturned the bankruptcy court's holding of contempt, and the bankruptcy debtor appealed this decision to the Seventh Circuit. *Id.* at 17. On July 20, 2015, the Seventh Circuit affirmed the district court's order. *Id.* Plaintiffs do not currently owe any of the compensatory damages originally at issue in this case.

### III.   DISCUSSION

**A. Legal Standard on Summary Judgment**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d

ORDER DENYING DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 4

547, 549 (9th Cir. 1994) (*citing Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)). Material facts are those which might affect the outcome of the suit under governing law. *Anderson,* 477 U.S. at 248.

The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 251.

**B. Twin City's Duty to Indemnify Plaintiffs under Policy LT1616807**

Defendant first moves for an Order declaring that Twin City had no contractual duty to indemnify. *See* Dkt. # 14 at 13. Plaintiffs argue orally and in briefing that this issue is moot given that the contempt sanctions for which they requested indemnification have been overturned. *See* Dkt. #21 at 2. Defendant argues orally that this issue is not moot because the debtor could still appeal the Seventh Circuit's decision to the United States Supreme Court.

To invoke the jurisdiction of a federal court, "a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990). "Federal courts may not 'decide questions that cannot affect the rights of litigants in the case before them' or give 'opinion[s] advising what the law would be upon a hypothetical state of facts.'" *Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013) (quoting *Lewis*, 494 U.S. at 477). It is "not enough that a dispute was very much alive when suit was

ORDER DENYING DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 5

filed;" the parties must "continue to have a personal stake" in the ultimate disposition of the lawsuit. *Id.* (quoting *Lewis*, 494 U.S. at 477-478) (some internal quotation marks omitted). A suit becomes moot, "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Chafin*, 133 S. Ct. at 1023. But a case "becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Id.*

The Court agrees with Plaintiffs. Plaintiffs no longer suffer an actual injury caused solely by Defendant's alleged breach of contract through a failure to indemnify. A decision favorable to the Plaintiff would not redress this nonexistent injury. The Court may not give a hypothetical opinion as to whether Twin City *would* have been required to indemnify Plaintiffs under the policy if the sanctions were still being enforced. Because this issue is no longer live and the Court cannot grant effectual relief to either party, the Court finds this issue moot, and therefore denies Defendant's Motion as to this issue.

**C. Twin City's Duty to Defend Plaintiffs under Policy LT1616807**

In Washington, "[a]n insurer's duty to defend is broader than its duty to indemnify." *Truck Ins. Exch. v. VanPort Homes*, 147 Wn.2d 751, 760 (2002) (citing *Hayden v. Mut. of Enumclaw Ins. Co.*, 141 Wn.2d 55, 64, 1 P.3d 1167 (2000)). The duty is one of the main benefits of the insurance contract. *Id.* (citing *Safeco Ins. Co. of Am. v. Butler*, 118 Wn.2d 383, 392, 823 P.2d 499 (1992)). The duty to defend "arises when a complaint against the insured, construed liberally, alleges facts which could, if proven, impose liability upon the insured within the policy's coverage." *Id.* (quoting *Unigard Ins. Co. v. Leven*, 97 Wn. App. 417, 425, 983 P.2d 1155 (1999)). "[I]f there is any reasonable interpretation of the facts or the law that could result in coverage, the insurer must defend." *Am. Best Food, Inc. v. Alea London, Ltd.*,

ORDER DENYING DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 6

168 Wn.2d 398, 405, 229 P.3d 693 (2010). If the alleged claim is ambiguous, "it will be liberally construed in favor of triggering the insurer's duty to defend." *Id.* (citing *R. A. Hanson Co. v. Aetna Ins. Co.*, 26 Wn. App. 290, 295, 612 P.2d 456 (1980)). "Only if the alleged claim is clearly not covered by the policy is the insurer relieved of its duty to defend." *Id.* (citing *Kirk v. Mt. Airy Ins. Co.*, 134 Wn.2d 558, 561, 951 P.2d 1124 (1998)).

The sole remaining issue before the Court is whether Defendant breached the terms of Policy LT1616807 by failing to defend Plaintiffs against the claim for monetary damages in the bankruptcy court's contempt order.[2] Defendant argues that "because the relief sought by [the bankruptcy debtor] against Gauthier is clearly not covered, Twin City has no duty to defend Gauthier against the Contempt Motion." Dkt. #14 at 19. However, Defendant also admits in their briefing that "Washington courts have not yet addressed whether a professional liability policy that exempts coverage for sanctions covers judicially-imposed sanctions." Dkt. #14 at 16. Plaintiffs agree. Dkt. #21 at 16.

The Court finds that, drawing all reasonable inferences in favor of the non-moving party, there is a reasonable interpretation of the facts and law that could have resulted in coverage. The bankruptcy court's award of $165,662.36 to the debtor was alternately labeled "sanctions" and "compensatory damages" by the Court. *See* Dkt. #16-1. This created ambiguity under the policy's broad definition of covered damages; such ambiguity must be liberally construed in favor of triggering the insurer's duty to defend. *See Truck Ins. Exch.*, *supra.* The policy's definition of damages arising out of "a negligent act, error, omission… in the rendering of or failure to render professional legal services for others," is sufficiently ambiguous to apply to this case. Although Defendant points to the alleged willful nature of

---

[2] The Court acknowledges Defendant's argument that the policy exempts injunctive or other non-monetary relief from coverage, *see* Dkt. #14 at 18, and notes that this is apparently not disputed by Plaintiffs.

ORDER DENYING DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 7

Plaintiffs' actions as a reason to deny coverage, *see, e.g.,* Dkt. #28 at 5, Plaintiffs have argued from the beginning that their actions were based on a misunderstanding of the bankruptcy court's comments at a hearing, *see* Dkt. #1-1 at 3.  Construed liberally, Plaintiffs' actions could reasonably be interpreted as "a negligent act, error, [or] omission."  There is nothing in the policy's definition of damages or professional legal services that explicitly excludes compensatory damages awarded by a judge against the insured.  Given the above, and by admitting that there is no controlling Washington law that closes the door to coverage, Defendant has failed to persuade the Court that Plaintiffs' insurance claim was "clearly not covered by the policy" as a matter of law. *See Kirk*, 134 Wn.2d at 561.  Because the Court finds Defendant Twin City owed Plaintiffs a duty to defend, dismissal of Plaintiffs' breach of contract claim is appropriately denied.

Having denied summary judgment on this ground, the Court need not address Plaintiffs' collateral estoppel argument.  Having denied Defendant's Motion, the Court need not address Plaintiff's request under Rule 56(d).

## IV.   CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby ORDERS that Defendant's Motion for Summary Judgment (Dkt. #14) is DENIED.

DATED this 11 day of August, 2015.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE